**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**JASHAWN SANDERS** **PLAINTIFF**

**V.** **Case No. 4:26-cv-359 JM**

**LOUIS DEJOY, Postmaster General and UNITED STATES POSTAL SERVICE** **DEFENDANTS**

**ORDER**

This is Plaintiff Jashawn Sanders's second attempt to raise employment claims against his former employer, the United States Postal Service, through its Postmaster General Louis DeJoy. *See Sanders v DeJoy*, No. 4:24-cv-796-JM (E.D. Ark.). Because Sanders paid the filing fee in the first action, summons were issued as a matter of course, and Defendants served without the Complaint being subject to screening. On Defendants' motion, the case was dismissed for failure to state a claim, and Sanders did not appeal that decision. *Id*. (Doc. 10).

Sanders has refiled his employment discrimination claims again alleging that, during his employment as a mail handler, he suffered disparate treatment, untimely removal, and a workplace injury. (Doc. 2). He also suggests his rights under the Rehabilitation Act, the Occupational Safety and Health Act, and his union's collective bargaining agreement were violated. As with his previous lawsuit, Sanders offers absolutely no factual support for his claims. (*Id*.).

Regardless of whether a plaintiff is represented by an attorney or is representing herself, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). "A *pro se* plaintiff must set forth enough factual allegations to 'nudge [ ] their claims across the line from conceivable to plausible,' or 'their complaint must be dismissed' for failing to state a claim upon which relief can be granted." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Although Sanders's previous case was dismissed without prejudice, meaning he was free to refile his claim when able to factually meet the pleading standards, his current complaint repeats the previous mistakes by offering the same conclusory statements devoid of factual support. At bottom, the lessons of the previous lawsuit should have informed Sanders to at least plead his discrete class, the discrete class of others he suggests were treated differently, and how he was discriminated against. Instead, he offers no more than that he was employed as a mail handler beginning in July 2023, was subjected to disparate treatment, and at some point fired. Given Sanders's inability to state plausible workplace discrimination claims, his Complaint is DISMISSED without prejudice. His motion to proceed *in forma pauperis* (Doc. 1) is denied as moot. The Clerk is directed to close this case. The Court certifies that an *in forma pauperis* appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED this 6th day of October, 2026.

UNITED STATES DISTRICT JUDGE